**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**BRAD ALLEN DAVENPORT,**
   **Petitioner,**

v.                Civil Action No. 3:18-CV-163
                       (GROH)

**JOE COAKLEY, Warden,**
   **Respondent**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 9, 2018, the *pro se* Petitioner, an inmate at Hazelton USP in Bruceton Mills, West Virginia, filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence. ECF No. 1.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

#### A. Conviction and Sentence

On June 25, 2009, in the United States District Court for the Eastern District of Kentucky, an indictment was returned against Petitioner in Case No. 6:09-CR-44. ECF No. 1. On November 12, 2009, Petitioner was convicted upon his plea to Counts 1, 3

---

[1] The facts are taken from the Petitioner's criminal Case No. 6:09-CR-44 in the United States District Court for the Eastern District of Kentucky, available on PACER. Unless otherwise noted, the ECF entries in Sections II.A., II.B., II.C., and II.D. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

and 4, which charged unlawful possession of firearms, in violation of 18 U.S.C. § 922(g)(1), possession of a firearm less than prescribed length, in violation of 26 U.S.C. § 5861(d), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). ECF Nos. 14, 16. On April 15, 2010, Petitioner was sentenced to 90 months' imprisonment on Counts 1 and 3 to be served concurrently with one another, and to 120 months' imprisonment on Count 4, with that sentence to be served consecutively to the sentences imposed in Counts 1 and 3. ECF Nos. 22 at 2.

### B. Motion to Reduce Sentence

On June 26, 2015, Petitioner filed a motion to reduce sentence. ECF No. 27. The district court denied Petitioner's motion to reduce sentence on November 12, 2015. ECF No. 28.

### C. Motion to Vacate Pursuant to § 2255[2]

On April 24, 2017, Petitioner filed a motion to vacate, set aside or correct sentence under § 2255 in the Eastern District of Kentucky. ECF No. 30. A report and recommendation filed on June 8, 2017, recommended the motion be dismissed as time barred. ECF No. 35. The district court adopted the report and recommendation on July 6, 2017, noting that Petitioner's motion "was filed nearly six years too late, and that equitable tolling does not [apply]". ECF No. 36 at 1. The court further denied Petitioner a certificate of appealability. Id. at 3.

---

[2] The motion was filed in a civil case 6:17-CV-104 in the Eastern District of Kentucky, however, all further pleadings were filed in Petitioner's criminal case.

2

### D. Appeal of § 2255 Denial

On August 4, 2017, Petitioner filed a notice of appeal with the Sixth Circuit Court of Appeals. ECF No. 38. The Sixth Circuit construed the notice of appeal as an application for a certificate of appealability and denied the same by order issued February 9, 2018. ECF No. 40 at 1.

### E. Other Attempts to Obtain Post-Conviction Relief

Petitioner also filed a petition for relief under 28 U.S.C. § 2241 in the Western District of Pennsylvania in that court's case number 1:15-CV-299, by a petition filed on December 14, 2015. ECF No. 1[3]. Essentially, Petitioner asserted he was entitled to additional federal credit for time served in state custody. By order entered February 22, 2017, the court denied the petition for habeas corpus. ECF No. 16.

### F. Instant § 2241 Petition

Petitioner challenges both his conviction and sentence, claiming that he is actually innocent of the § 924(c)(1)(A) offense as charged in Count 4 of the indictment. ECF Nos. 1 at 1, 5, 1-1 at 2. The memorandum attached to the petition asserts that Petitioner's "120 month sentence under § 924(c) had to have been imposed 'in addition to' a sentence for an underlying offense, which [ ] did not happen because no underlying offense was ever charged in the indictment." ECF No. 1-1 at 4. Accordingly, Petitioner claims that the 120-month sentence for Count 4 was an illegal sentence. Id. at 5.

Petitioner asks that this Court "Order the Bureau of Prisons to release Petitioner". Id. at 8. Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention because "the claims [ ] presented in this petition do not meet the gate-

---

[3] ECF entries in Section II.E. refer to that civil case.

3

keeping requirements of § 2255 . . . [and thus] § 2255 is no longer available to Petitioner." ECF No. 1 at 9.

### III.    LEGAL STANDARD

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

4

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[5] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[6] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[6] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality

7

of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

Petitioner's single ground for relief is comprised of two challenges. First, he challenges his conviction when he claims that he is "actually innocent" of an offense to which he entered a voluntary guilty plea. ECF Nos. 1 at 5, 1-1. Second, he challenges his sentence when he claims that the court imposed an illegal sentence as to that offense.

In order to proceed pursuant to § 2241, a petitioner bears the burden of satisfying the savings clause by demonstrating that the § 2255 remedy is inadequate or ineffective. The Fourth Circuit has established two different standards for satisfying the savings clause, depending upon whether a Petitioner challenges his conviction or sentence. A Petitioner who challenges both his conviction and sentence must meet both tests.

Petitioner challenges his conviction on the basis of actual innocence and his sentence for possession of a firearm as part of a drug trafficking offense was illegal because the indictment did not simultaneously charge him with drug trafficking. ECF No. 1 at 5, 1-1 at 3 – 4. Petitioner did not directly appeal his conviction or sentence in that case. Moreover, in his first § 2255 petition filed in Eastern District of Kentucky, the court found that Petitioner was time-barred from seeking relief under § 2255. E.D.Ky. 6:09-CR-44, ECF No. 36. Failure to take a direct appeal or file a timely § 2255 motion, does not make § 2255 inadequate or ineffective in order to trigger the savings clause under § 2255. Petitioner argues broadly that he cannot meet the gate-keeping

8

requirements of § 2255 but fails to explain how or why he cannot meet those requirements. ECF No. 1 at 9. Further, Petitioner fails to otherwise address the savings clause. Notwithstanding those failures, it is clear that Petitioner is not entitled to application of the savings clause. Although Petitioner argues he is actually innocent of the 924(c) crime for which he was convicted, he argues his innocence is based on an omission in the pleadings, or a legal insufficiency, rather than any factual innocence, which does not meet the standard established in Bousley.

### A. Petitioner's Challenge to the Legality of his Conviction.

Section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence[7] of a conviction, not just innocence of sentencing factors. United States v. Poole, 531 F.3d 263, 267 n. 7 (4th

---

[7] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

9

Cir. 2008) (citing In re Jones, 226 F.3d at 334-34); see also Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013).

Petitioner is unable to meet the three-part Jones test which is required to successfully challenge his conviction. Even if Petitioner were to meet the first and third prongs of the Jones test, he cannot meet the second element of the Jones test, because the crimes for which he was convicted—unlawful possession of firearms, possession of a firearm less than the prescribed length, and possession of a firearm in furtherance of a drug trafficking offense—remain criminal offenses. Thus, Petitioner is unable to demonstrate that the conduct which he was convicted of committing is no longer criminal. Because Petitioner cannot meet the second prong of Jones, this Court need not address the first and third prong of the test.

### B. Petitioner's Challenge to the Legality of his Sentence

To the extent that Petitioner challenges his sentence, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241. . . as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2)

>subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id. Regardless of whether he meets the other three prongs of Wheeler, Petitioner has not demonstrated that there has been any change of substantive law which entitles him to relief which was deemed to apply retroactively on collateral review, as mandated by the second prong of Wheeler.

In summary, because Petitioner cannot meet the second prong of the Jones test, he cannot satisfy the savings clause of § 2255(e) to challenge his conviction under § 2241. Similarly, because Petitioner fails to meet the second prong of the Wheeler test, he cannot satisfy the savings clause of § 2255(e) under Wheeler, to challenge his sentence under § 2241.

## V. RECOMMENDATION

Because Petitioner fails to meet either the Jones or the Wheeler test, it is **RECOMMENDED** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the

11

basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1365-66 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 9, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE